UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DALTON MARTIN,<br>　　　　　　Plaintiff,<br>　　v.<br>JENNIFER SHAFFER, et al.,<br>　　　　　　Defendants. | Case No. 14-cv-02738-JSC<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 1 |

　　　　Petitioner Ronald Dalton Martin, an inmate at San Quentin State Prison, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Dkt. No. 1.)  The petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  This order requires respondents to show cause why the petition should not be granted.

　　　　The Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respond to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  *Id.* § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

　　　　Petitioner alleges that, pursuant to a plea agreement, the trial court sentenced him to a term of imprisonment of seven years to life with the possibility of parole on one count and a number of

determinate terms that were either stayed or ordered to run concurrent with the indeterminate life term on a number of other counts. According to the petition, in 2009—at which point Petitioner had completed serving time on the concurrent, determinate sentences that the Court imposed—the Board of Parole Hearings found Petitioner suitable for parole on his life term, but nonetheless denied parole. Petitioner alleges that the Board calculated Petitioner's remaining prison term to be 374 months based on its treatment of his determinate terms as consecutive, not concurrent to, the life term. Petitioner then appealed the Board's decision in state court, which remanded the matter to the Board for a new calculation; the second time around, the Board imposed an even longer term of imprisonment—412 months—based on the same consecutive-instead-of-concurrent calculation. Petitioner appealed the Board's decision in the state courts, and the California Supreme Court denied his challenge.

Petitioner now alleges that the Board's action violated his right to due process by failing to honor the terms of his plea agreement—specifically, by treating his concurrent sentences as consecutive—and by doing so in retaliation for his successful challenge; violated separation of powers by effectively re-sentencing him; and that the state court opinions upholding the Board's decision was contrary to and an unreasonable application of federal law. (Dkt. No. 1 at 5-6.) Based on these violations, petitioner claims that he has been unlawfully confined since the Board determined that he was suitable for parole on the life sentence in 2009. These claims appear to be cognizable on federal habeas review and sufficient to require a response. Accordingly, the Court orders respondent to show cause why the petition should not be granted.

## CONCLUSION

1. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing why a writ of habeas corpus should not be granted based on petitioner's claims. Respondent shall file with the answer and serve on petitioner a copy of all

1 portions of the underlying state court record that previously have been transcribed and that are
2 relevant to a determination of the issues presented by the petition.

3     3.    If petitioner wishes to respond to the answer, he shall do so by filing a traverse with
4 the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is
5 filed.

6     4.    In lieu of an answer, respondent may file, within **ninety (90)** days of the date this
7 order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee
8 Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion,
9 petitioner shall file with the Court and serve on respondent an opposition or statement of non-
10 opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the
11 Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

12     5.    Upon a showing of good cause, requests for a reasonable extension of time will be
13 granted provided they are filed on or before the deadline they seek to extend.

14 **IT IS SO ORDERED**.

15 Dated: December 22, 2014

16 _____
17 JACQUELINE SCOTT CORLEY
United States Magistrate Judge