UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DALTON MARTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>JENNIFER SHAFFER, et al.,<br><br>    Defendants. | Case No. 14-cv-02738-JD<br><br>**ORDER ON MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: Dkt. No. 8 |

    Habeas petitioner Ronald Martin challenges the California Board of Parole Hearings for modifying his term of incarceration. Dkt. No. 1. Respondent moves to dismiss the petition as moot and barred by the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year statute of limitations, among other grounds. Dkt. No. 8. The Court finds that the claims are not moot but the petition is untimely.

    Respondent incorrectly contends that Martin's release from prison on parole renders this action moot. *See* Dkt. No. 8 at 3. Martin's petition expressly asks the Court to credit the excess period of confinement caused by the California Board of Parole Hearings' calculation against his statutory parole period. Dkt. No. 1 at 6. Martin contends that his fixed, five-year period of parole under Cal. Penal Code § 3000(b)(1) would have expired by now if his term had been calculated properly. Dkt. No. 15 at 2-3. In similar circumstances, where a petitioner has been released on parole for a fixed term of years, federal courts have found that the case is not moot because the Court can still order credit for the period of improper confinement. *See, e.g., Thomas v. Yates*, 637 F. Supp. 2d 837, 841-42 (E.D. Cal. 2009) (citing *McQuillion v. Duncan*, 342 F.3d 1012, 1015 (9th Cir. 2003)). In addition, because the request for equitable relief in the form of custody credits is part of petitioner's underlying federal claim about his incarceration term, it did not need to be exhausted independently at the state courts. *See Elster v. Wong*, No. C 08-03279 WHA, 2009 WL

1604695, at *5 (N.D. Cal. June 5, 2009).  Consequently, a "live controversy exists because [petitioner] remains on parole and [the Court] may grant his immediate release from parole if [it] find[s] parole was improperly delayed."  *Williams v. Schwarzenegger*, 461 F. App'x 621, 623 (9th Cir. 2011) (citing *McQuillion*, 342 F.3d at 1015).

Respondent's limitation bar argument is better taken.  AEDPA has a one-year statute of limitations.  28 U.S.C. § 2244(d)(1).  The parties agree that the limitations period here began to run "on the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D); *see* Dkt. No. 8 at 3 (citing 28 U.S.C. § 2244(d)(1)(D)); Dkt. No. 15 at 4-5 (same).  Respondent says this began one day after December 31, 2009, the date that the terms of the Board's September 2, 2009 parole grant became final.  Dkt. No. 8 at 4-5.  Martin says the decision did not become final until the Governor denied review of the Board's second, January 5, 2011 decision on his parole grant on September 2, 2011.  Dkt. No. 15 at 6-7.

Even assuming that the "factual predicate" for Martin's claims did not arise before the Board's second decision in 2011, Martin's reliance on the September 2, 2011 date is problematic.  The courts of this district have held that the AEDPA limitations period begins to run on the date the Board's decision becomes final, 120 days after the decision is made.  *In re Gonzalez*, No. C-08-03916 RMW, 2012 WL 4483037, at *2 (N.D. Cal. Sept. 27, 2012) *aff'd sub nom. Gonzalez v. Brown*, 586 F. App'x 423 (9th Cir. 2014); *see also Redd v. McGrath*, 343 F.3d 1077, 1084 (9th Cir. 2003).  Martin's petition and other filings also acknowledge the Board's "action became final on May 5, 2011" when, in Martin's view, the Board's review of his time calculations closed.  *See, e.g.*, Dkt. No. 1 at 4.

But even giving Martin the benefit of the doubt and accepting September 2, 2011 as the limitations trigger, the petition is still untimely.  He did not file this action until June 12, 2014.  Dkt. No. 1.  As respondent acknowledges, the limitations period was tolled from November 17, 2011 to June 12, 2013, while Martin pursued appeals in the California courts.  Dkt. No. 8 at 7.  Martin appears to contend that he is entitled to run the one-year limitations clock from June 12, 2013 to June 12, 2014, but that argument fails to account for the 76 days that ran from September

2

2 to November 17, 2011, when Martin filed his appeal in state court. *See* Dkt. No. 15 at 8-9. Martin proposes that the 76 days should be statutorily tolled because this delay was not "unreasonable." *Id*. at 8. That is not persuasive because the Ninth Circuit has expressly held that "the plain language of § 2244(d)(2) does not permit tolling during the pre-filing period [of a state habeas filing], as it requires that the state petition be both 'properly filed' and 'pending.'" *Ontiveros v. Subia*, 365 F. App'x 848, 850 (9th Cir. 2010); *Redd*, 343 F.3d at 1084-85 ("We do not think it unduly burdensome to require state prisoners challenging parole board decisions to file state habeas petitions expeditiously if they wish to preserve the option of federal habeas review. . . a prisoner who waits eight months before filing a state habeas petition will have four months after state habeas review to file his federal petition, whereas a prisoner who waits only two months before filing a state habeas petition will have 10 months' leeway to file his federal petition.") The cases Martin cites address intermediate delays -- between the denial of one state habeas petition and the filing of another in the next higher court -- and provide no basis for the Court to excuse Martin's pre-filing delay. In addition, Martin also does not qualify for equitable tolling during this period. While he claims "reasonable delay" and "due diligence" in seeking gubernatorial review before making the state court filing, he makes no showing at all that any "'extraordinary circumstance stood in his way.'" *See Ontiveros*, 365 F. App'x at 850 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Because neither statutory nor equitable tolling applies to the at least 76 days petitioner waited to make his state habeas filing, the additional full year he delayed in filing his federal habeas petition makes it untimely under AEDPA. The Court dismisses the petition as time-barred under 28 U.S.C. § 2244(d)(1).

**IT IS SO ORDERED.**

Dated: March 17, 2016

JAMES DONATO
United States District Judge